IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 15 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00248-BNB

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

TOM CLEMENTS, the Executive Director of the Colorado Department of Corrections
    (CDOC),
JEANEENE MILLER, Director of Division of Adult Parole, Community Corrections, and
    Youth Offender System (YOS),
ALLISON SWEENEY-HOOVER, Community Parole Officer,
COLORADO BOARD OF PAROLE,
BECKY R. LUCERO, Chairman of the Colorado Board of Parole,
DAN CASIAS, Administrative Hearing Officer,
JAMES MEYER, LPC, Executive Director of the Bijou Treatment & Training Institute
    (BTTI), and
BIJOU TREATMENT & TRAINING INSTITUTE (BTTI),
    (In Their Official & Individual Capacities),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Michael Sean Edmond, appears to be on parole. Mr. Edmond filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983, among other statutes, and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the amended complaint liberally because Mr. Edmond is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons set forth below, Mr. Edmond will be ordered to file a second amended complaint.

Mr. Edmond alleges that he is a convicted sex offender. Prior to his January 14, 2010, release on five years of mandatory parole, he registered as a sex offender, was required to participate in sex offender treatment, and signed a parole board order requiring him to participate in an evaluation to determine his supervision under the Community/Parole Sex Offender Program. Mr. Edmond complains that, even after admission to a sex offender treatment program, he was not given the mandatory sex offender evaluation. He alleges that on March 25, 2010, he was arrested for allegedly violating the conditions of his parole and the sex offender program, and on June 29, 2010, after three continuances, he was found guilty after a hearing of violating a condition of his parole, i.e., to have a mandatory sex offender evaluation. As a result, his parole was revoked, and he was re-incarcerated from June 29, 2010, to September 20, 2010, to serve his 180-day parole revocation sentence. He alleges he was released on parole on September 21, 2010.

Mr. Edmond asserts five claims, four of which allege constitutional violations. He alleges that Defendants erroneously imposed sex offender conditions as part of his parole (claim one); caused him to be imprisoned falsely by erroneously finding good cause to continue his parole revocation hearing on May 18, 2010 (claim two); interfered with his parenting rights by wrongfully prohibiting him from contact with his children (claim three); and failed to ensure that he received his mandatory sex offense evaluation (claim four). He also alleges that he was deprived under Colorado state law

of the $89.50 he was entitled to receive after being paroled on January 14, 2010 (claim five). Mr. Edmond asks for money damages and declaratory relief.

To the extent Mr. Edmond may be attempting to challenge his parole revocation, his claims are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See id.** at 486-87. The rule in **Heck** also applies to "proceedings that call into question the fact or duration of parole or probation." **Crow v. Penry**, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); **see also Butterfield v. Bail**, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying **Heck** to claim regarding denial of parole).

Although Mr. Edmond seeks relief in addition to damages, **Heck** applies "when the concerns underlying **Heck** exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." **See Lawson v. Engleman**, 67 Fed. Appx. 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing **Beck v. City of Muskogee Police Dep't**, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's [42 U.S.C.] § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original). **Wilkinson v. Dotson**, 544 U.S. 74, 81-82 (2005).

In addition, Mr. Edmond is suing improper defendants. He may not sue the Colorado Parole Board. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Edmond also may not sue members of the Colorado Parole Board for damages. The United States Court of Appeals for the Tenth Circuit has recognized that "members of a parole board have absolute immunity from damages liability for actions taken in the performance of the board's official duties regarding the granting or denying of parole." *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

Mr. Edmond must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, Mr. Edmond must show how each named individual caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the executive director of the Colorado Department of Corrections, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), **petition for cert. filed**, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010) (No. 10-741).

Mr. Edmond may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Edmond uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The second amended complaint Mr. Edmond will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. In order for Mr. Edmond to state a claim in federal court, he must explain in his second amended complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

In the amended complaint he filed, Mr. Edmond fails to allege which claims are asserted pursuant to which statute. He also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The amended complaint is repetitive and unnecessarily long. Piecing together the background discussion of his case with his five asserted claims is neither a judicial function nor is it the responsibility of the defendants. Mr. Edmond must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant

may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Edmond filed is difficult to read because it is single-spaced and, in places, written in all capital letters. The second amended complaint Mr. Edmond will be directed to file shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Edmond, therefore, will be directed to file a second amended complaint that sues the proper defendants, states his claims clearly and concisely and legibly, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Michael Sean Edmond, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Edmond, together with a copy of this order, two copies of the Court-approved Complaint form, one of which is to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United

States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Edmond fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 15, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00248-BNB

Michael Sean Edmond
5332 Belle Star Dr
Colorado Springs, CO 80922

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on April 15, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk