IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 9 2011

Civil Action No. 11-cv-00248-BNB

GREGORY C. LANGHAM
CLERK

MICHAEL SEAN EDMOND,

        Plaintiff,

v.

TOM CLEMENTS, the Executive Director of the Colorado Department of Corrections
        (CDOC),
JEANEENE MILLER, Director of Division of Adult Parole, Community Corrections, and
        Youth Offender System (YOS),
ALLISON SWEENEY-HOOVER, Community Parole Officer,
COLORADO BOARD OF PAROLE,
BECKY R. LUCERO, Chairman of the Colorado Board of Parole,
DAN CASIAS, Administrative Hearing Officer,
JAMES MEYER, LPC, Executive Director of the Bijou Treatment & Training Institute
        (BTTI), and
BIJOU TREATMENT & TRAINING INSTITUTE (BTTI),
        (In Their Official & Individual Capacities),

        Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW
## CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Michael Sean Edmond, appears to be on parole. Mr. Edmond filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983, among other statutes, and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 15, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Edmond to file within thirty days a second amended complaint that sued the proper Defendants, asserted the role of each named Defendant in the alleged constitutional violations, and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  On May 16, 2011, Mr. Edmond filed the second amended § 1983 complaint.

Mr. Edmond has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Edmond's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the second amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Mr. Edmond alleges that he is a convicted sex offender.  Prior to his January 14, 2010, release on five years of mandatory parole, he registered as a sex offender, was required to participate in sex offender treatment, and signed a parole board order requiring him to participate in an evaluation to determine his supervision under the Community/Parole Sex Offender Program.  Mr. Edmond complains that, even after admission to a sex offender treatment program, he was not given the mandatory sex offender evaluation.  He also complains that he never received a parental risk assessment, which he alleges is part of the mandatory sex offender evaluation.

2

Mr. Edmond asserts four claims, three of which allege constitutional violations. He alleges that Defendants erroneously imposed sex offender conditions as part of his parole (claim one); interfered with his parenting rights by wrongfully prohibiting him from contact with his children (claim two); and failed to ensure that he received his mandatory sex offense evaluation (claim three). He also alleges that he was deprived under Colorado state law of the $89.50 he was entitled to receive after being paroled on January 14, 2010 (claim four). Mr. Edmond asks for the $89.50 he contends he is owed and declaratory relief.

Mr. Edmond is suing an improper defendant. He was informed in the April 15 order for a second amended complaint that he may not sue the Colorado Parole Board. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See*

3

*Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Therefore, the Colorado Board of Parole will be dismissed as a Defendant.

Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against Defendant Colorado

Parole Board are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is

FURTHER ORDERED that Defendant Colorado Parole Board is dismissed as a

party, and the clerk of the Court is directed to remove its name from this action. It is

FURTHER ORDERED that the claims asserted against the remaining Defendants

are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this __19th__ day of _____May_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00248-BNB

Michael Sean Edmond
5332 Belle Star Dr
Colorado Springs, CO 80922

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 19, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
             Deputy Clerk