IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00248-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

TOM CLEMENTS, the Executive Director of the Colorado Department of Corrections (CDOC),
TIM HAND, Director of Division of Adult Parole, Community Corrections, and Youth Offender System (YOS),
ALLISON SWEENEY-HOOVER, Community Parole Officer, and
ANTHONY YOUNG, Chairman of the Colorado Board of Parole,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike** [Docket No. 93; Filed March 28, 2013] (the "Motion"). On April 18, 2013, Defendants filed a Response [#98]. On May 7, 2013, Plaintiff filed a Reply [#111]. The Motion is thus ripe for review.

Plaintiff, who proceeds in this matter as a *pro se* litigant, brings the Motion pursuant to Fed. R. Civ. P. 12(f). *Motion* [#93] at 1; *Reply* [#100] at 1. He seeks to strike or restrict "*all* confidential information that is stated in the Defendants' Motions **(Docs. 75-77, 88, and 89)** in regards to his participation and/or progress in sex offense specific treatment programs and substance abuse treatment programs, parole revocations proceedings, and *any* and *all* references to the contents of his Psychosexual Evaluation, pursuant to Fed. R.

Civ. P. 12(f) . . . ." *Motion* [#93] at 8-9 (emphasis in original).[1]  Specifically, Plaintiff seeks to strike or restrict Defendants' Response to Plaintiff's Motion for Temporary Restraining Order [#75]; Exhibit A to Defendants' Response to Plaintiff's Motion for Temporary Restraining Order [#76]; Defendants' Motion to Seal Ex. A. to Response to Motion for Preliminary Injunction [#77]; Defendants' Motion for Summary Judgment [#88]; and Exhibit C to Defendants' Motion for Summary Judgment [#88-3].[2]

As an initial matter, the Court notes that Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Pleadings, as defined by Rule 7(a), are different from "motions and other papers."  Pleadings only include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer. Fed. R. Civ. P. 7(a).  "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."  *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992).  *See also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the

---

[1] Plaintiff alternatively asks the Court to strike Defendants' Motion for Summary Judgment for failure to comply with the District Judge's Civil Practice Standards. *Motion* [#93] at 8. However, Plaintiff does not direct the Court's attention to any specific provision of the Standards that Defendants allegedly violated.  If Plaintiff seeks to strike Defendants' Motion for Summary Judgment based on noncompliance with the Standards, he must demonstrate with specificity how the Motion for Summary Judgment fails to comply.  The Court therefore declines to strike Defendants' Motion for Summary Judgment on this broadly-asserted basis.

[2] Plaintiff also refers to Docket No. 89.  This entry is simply the District Judge's text-only Memorandum referring Defendants' Motion for Summary Judgment to the undersigned.  The entry is not subject to striking or restriction.

term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

The information to which Plaintiff's Motion is directed is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure. The Court finds that Plaintiff may therefore not attack the information provided by Defendants through a motion to strike pursuant to Rule 12(f). *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005). However, the briefing can also fairly be read as arguing to seal the information at issue and/or to strike it as privileged. The Court therefore proceeds to address these two arguments.[3]

**A.     Privilege**

The Court first addresses Plaintiff's assertion of privilege. When federal law governs the rule of decision, federal common law governs the existence of privilege. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo. Apr. 14, 2008). This case was brought pursuant to the Fourteenth Amendment of the United States Constitution. Therefore, federal common law governs whether the medical records are privileged. *See, e.g., Everitt v. Brezzel*, 750 F. Supp. 1063, 1066 (D. Colo. 1990); *Hutton v. City of Martinez*, 219 F.R.D. 164, 167 (N. D. Cal. 2003); *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) ("We therefore hold that the federal law of privilege [applies in a

---

[3] Plaintiff delineates more clearly in his Reply [#100] the reasons for the Motion. However, most of these reasons are simply arguments that are really arguments against Defendants' Motion for Summary Judgment [#88] and in support of Plaintiff's Motion for a Temporary Restraining Order [#69]. *See, e.g., Reply* [#100] at 1 (asserting that "Defendants never conducted a Parental Risk Assessment (PRA) of the Plaintiff as required by the Sex Offense Management Board (SOMB) guidelines). In other words, Plaintiff argues the relevance and application of some of Defendants' submitted evidence. The Court declines to address these arguments here, as the Court will determine the relevance and application of Defendants' evidence when it considers Plaintiff's Motion for a Temporary Restraining Order and Defendants' Motion for Summary Judgment.

federal question case], even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege.").

The psychotherapist-patient privilege applies in federal cases. *Jaffee v. Redmond*, 518 U.S. 1, 12–13 (1996). However, "[l]ike other testimonial privileges, the patient may of course waive the protection." *Id.* at 15 n.14. A plaintiff waives the psychotherapist-patient privilege by placing his mental health at issue. *Simpson*, 220 F.R.D. at 364; *see also Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases holding that privilege is waived when a party puts his medical condition at issue).

Plaintiff seeks injunctive relief relating in part to Defendants' alleged failure to provide a sex offense-specific evaluation. He has thus placed his psychological condition at issue and, therefore, the psychotherapist-patient privilege has been waived. *See Weatherspoon v. Provincetowne Master Owners Ass'n, Inc.*, No. 08-cv-02754-MSK-KLM, 2010 WL 936109, at *3 (D. Colo. Mar. 15, 2010). Defendants are entitled to use Plaintiff's mental health records for the purpose of defending against Plaintiff's lawsuit. *See Fisher v. Southwestern Bell Tel. Co.*, No. 09-5046, 2010 WL 257305, at *3 (10th Cir. Jan. 25, 2010).

Further, to the extent that Plaintiff argues that Defendants improperly obtained copies of this records, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, "expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding without prior consent of the patient." *Windsor v. Aasen*, No. 09-cv-00947-REB-KMT, 2009 WL 5184170, at *1 (D. Colo. Dec. 18, 2009) (citing 45 C.F.R. § 164.512(e); *Barnes v. Glennon*, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821, at *2 n.6 (N.D.N.Y. Sept. 28, 2006)).

This same issue arose in *Windsor v. Aasen*, in which the *pro se* incarcerated plaintiff argued that health records submitted by CDOC staff were obtained "without an authorization signed by the patient or an Order by a Court." *Windsor*, 09-cv-00947-REB-KMT, [#42] at 1. The plaintiff further stated that, "no one even ask[ed] for plaintiff's permission nor sought a Court Order . . . the documents were taken by Bullies and Thiefs . . . ." [sic]. *Id.* The judge cited to *Barnes v. Glennon*, which stated that disclosure of health records in these circumstances "can be obtained through several means, including when it is in response to a discovery request during litigation or pursuant to a court order." *Barnes*, 2006 WL 2811821, at *5 (citing 45 C.F.R. § 164.512(e)(1)(i) & (ii)). The judge further noted that while "HIPAA does not supersede any state law that imposes requirements, standards, or implementation more stringent than those imposed by HIPAA," C.R.S. § 18-4-412(c)(ii) provides that medical records may be released in response to a court order. *Windsor*, 2009 WL 5184170, at *1 n.2. The judge therefore found that the plaintiff's argument failed.

Plaintiff in the present matter makes the same argument based on materially identical facts. Like *Barnes* and *Windsor*, the Court here finds that Plaintiff's argument fails and that Defendants did not improperly obtain Plaintiff's health records.

**B.     Restriction**

In lieu of striking the documents at issue, Plaintiff alternatively seeks to restrict access to them. Exhibit A [#75-1, #76] to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction was restricted by the Court on April 18, 2013. *Minute Order* [#97]. Plaintiff's request regarding this document is therefore moot.

Plaintiff also seeks to restrict Defendants' Motion for Summary Judgment [#88];

Defendants' Motion to Seal Ex. A. to Response to Motion for Preliminary Injunction [#77]; and Defendants' Response to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction [#75]. The Court has carefully reviewed these three documents for references to Plaintiff's Psychosexual Evaluation. While Defendants do refer to the evaluation, the Court finds that the general references to the evaluation and its conclusions do not violate Plaintiff's right to privacy, given the subject matter of this litigation. *See* D.C.COLO.LCivR 7.2. Similarly, the Court further finds that Exhibit C to the Motion for Summary Judgment [#88-3], Plaintiff's Chronlog Report, is properly redacted and should not be subject to a complete restriction.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#93] is **DENIED**.

Dated:  May 14, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge