IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00248-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

ROGER WERHOLTZ, Interim Executive Director of the Colorado Department of Corrections,
TIM HAND, Director of Division of Adult Parole, Community Corrections, and Youth Offender System (YOS),
ALLISON SWEENEY-HOOVER, Community Parole Officer, and
ANTHONY YOUNG, Chairman of the Colorado Board of Parole,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [Docket No. 116; Issued July 17, 2013], issued in order for the Court to determine whether it has subject matter jurisdiction over this action.

    As an initial matter, the Court hereby incorporates the background, standards, analysis, and conclusions set forth in the Order to Show Cause [#116]. At the end of the Order to Show Cause, the Court directed Plaintiff to show cause as to why the Court should not recommend that this matter be dismissed without prejudice for lack of subject matter jurisdiction on the basis of mootness. *Order to Show Cause* [#116] at 13. On July 31, 2013, Plaintiff timely filed a Response [#117]. Although Defendants were invited to simultaneously file a Response, they chose not to do so.

Plaintiff carefully explains in his Response why he believes his case is not moot. His argument, though, essentially boils down to his assertion that Defendants have not yet conducted a Parental Risk Assessment/Child Contact Assessment at their expense. *See Response* [#117] at 6. However, Plaintiff does not address the primary point of the Court's Order to Show Cause, *i.e.*, that his claim as pleaded in the Amended Complaint [#9] is in reference to his second parole agreement, which was mooted by his later-imposed third parole agreement. *See Order to Show Cause* [#116] at 12-13. Thus, the Court finds that Plaintiff has failed to show cause as to why this case should not be dismissed on the basis of mootness and lack of subject matter jurisdiction. Incorporating the Analysis from the Order to Show Cause [#116], the Court therefore further finds that it lacks subject matter jurisdiction and recommends that this matter be dismissed without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#116] is **MADE ABSOLUTE**. Accordingly,

IT IS FURTHER **RECOMMENDED** that this matter be **DISMISSED without prejudice** on the basis of mootness. Based on this Recommendation,

IT IS FURTHER **ORDERED** that Defendants' pending Motion for Summary Judgment [#88] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 1, 2013, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge