IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-00248-RBJ-KLM

MICHAEL SEAN EDMOND,

    Plaintiff,

v.

RICK RAEMISCH, the Executive Director of the Colorado Department of Corrections,[1]
TIM HAND, Director of Division of Adult Parole, Community Corrections, and Youth Offender System,
ALLISON SWEENEY-HOOVER, Community Parole Officer, and
ANTHONY YOUNG, Chairman of the Colorado Board of Parole.

    Defendants.

---

ORDER

---

This case is before the Court on plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction [docket #69]; defendants' Motion for Summary Judgment [#88]; the recommendations of United States Magistrate Judge Kristen L. Mix regarding those two motions and regarding her *sua sponte* Order to Show Cause as to the Court's subject matter jurisdiction [##110, 119]; and plaintiffs' objections to the two recommendations [##118, 122].

**Facts**

Michael Sean Edmond, a former parolee and current inmate of the Colorado Department of Corrections ("CDOC"), representing himself *pro se,* filed this civil rights complaint on January 31, 2011 [#1] and later amended that complaint on May 16, 2011 [#9]. The essence of

---

[1] In July 2013, Rick Raemisch replaced Roger Werholtz as the Executive Director of the Colorado Department of Corrections and is automatically substituted as the defendant party pursuant to Fed. R. Civ. P. 25(d). Prior to Chief Werholtz's role as the Interim Executive Director, he had replaced Tom Clements, who was the original named Executive Director in this case.

1

Mr. Edmond's claims centers around his sex offender treatment and evaluations as contained in his parole conditions.

<u>Plaintiff's Incarceration and Parole History.</u>

On July 1, 2004, Mr. Edmond pled guilty in El Paso County Court Case No. 2000M10851 to sexual assault, greater than a ten-year age difference where the victim is at least 15 years of age but less than 17 years of age, a class one misdemeanor under C.R.S. § 18-3-402(1)(e). Before reaching his sentencing in Case No. 2000M10841, however, Mr. Edmond was sentenced on October 13, 2004 in an unrelated case (Case No. 1999CR4252) for distribution of a controlled substance in violation of C.R.S. § 18-18-405(2)(a)(I). In that case, Mr. Edmond was sentenced to 10 years in prison plus 5 years mandatory parole. Subsequently, Mr. Edmond was sentenced for his sex offense in Case No. 2000M10851 to one year in prison, which was to run concurrently with his ten-year felony sentence in Case No. 1999CR4252.

Mr. Edmond was then incarcerated until January 14, 2010, when he was released on parole following an October 27, 2009 parole agreement. *See* [#88-2]. As a condition of his parole release, Mr. Edmond was required to participate in sex offender treatment and also to submit to an assessment determining his supervision under the Community Parole Sex Offenders' Program ("CPSOP"). *See id.* Mr. Edmond was also prohibited from contact with minors, including his own children. *Id.* Upon his release, Mr. Edmond was supervised by defendant parole officer Allison Sweeney-Hoover and was admitted into a sex offender treatment program at Bijou Treatment and Training Institute ("BTTI").

Two months after his release on parole on March 25, 2010, Mr. Edmond was discharged from BTTI for failure to comply with the requirements of his treatment, and he was arrested for violating the conditions of his first parole agreement. Specifically, Mr. Edmond was prohibited

from having contact with minors, using drugs, and possessing pornographic photographs. *See* [#88-3] at 6. Mr. Edmond was reincarcerated in the CDOC until late September 2010.

While he was incarcerated, Mr. Edmond filed a civil lawsuit in El Paso District Court on September 3, 2010 against then-CDOC Executive Director Aristedes Zavaras and the Colorado Board of Parole. [#88-10] (Complaint in Case No. 10CV381). Mr. Edmond asserted, inter alia, that he was deprived of due process when his parole conditions required sex offender treatment without a sex-offender-specific evaluation. *Id.*

On September 21, 2010, Mr. Edmond was re-released on parole for the second time following a June 29, 2010 parole agreement. *See* [#88-4]. Again, the second parole agreement required Mr. Edmond's participation in a sex offender treatment program and to submit to an assessment determining his supervision under the CPSOP. *Id.* Mr. Edmond was also prohibited from contact with minors. *Id.* On September 28, 2010, Mr. Edmond was readmitted to BTTI.

On November 9, 2010, Dr. L. Dennis Kleinsasser conducted a sex-offense-specific assessment, during which he interviewed and tested Mr. Edmond and reviewed his relevant criminal records. [#75-1] (December 14, 2010 Psychosexual Evaluation Report). It is unclear from the record whether Mr. Edmond's mother or the state paid for this evaluation. *Compare* [#109-2] at ¶ 3 (affidavit by Mr. Edmond stating paid by mother) *with* [#109] at (Mr. Edmond's statement of disputed material facts stating paid by defendants). Dr. Kleinsasser concluded that Mr. Edmond has a moderate to high risk of reoffense. [#75-1] at 19.

On January 31, 2011, Mr. Edmond filed this 42 U.S.C. § 1983 action while on parole under his second parole agreement. On February 28, 2011, the El Paso County District Court dismissed the state civil suit, Case No. 10CV381, "adopt[ing] the arguments and reasoning" in a motion to dismiss by the defendants. The court there stated, without further discussion, that "the

Parole Board is free to impose appropriate conditions of parole" and that the court lacked subject matter jurisdiction based on mootness. [#88-12].

The dismissal was upheld by the Colorado Court of Appeals on May 24, 2012. [#88-15]. The Court of Appeals treated the action as one challenging the June 29, 2010 parole revocation under Colo. R. Crim. P. 35(c)(2)(VII), holding that Mr. Edmond's re-release on parole "mooted any claims regarding the improper revocation of his parole because the possible remedy, reinstatement of his parole, has effectively been granted." [#88-15] at 7.

On May 8, 2012, shortly before the Colorado Court of Appeals decision, Mr. Edmond again violated his parole conditions when he was arrested for drug use. Mr. Edmond was then reincarcerated in El Paso County Jail and later transferred to Fremont County Detention Center.

On August 20, 2012, Mr. Edmond entered into his third parole agreement and was returned to intensive supervision parole on November 1, 2012. [#88-5]. According to defendants, "[f]or unknown reasons, the August 20, 2012 Parole Agreement did not require Mr. Edmond to be under the supervision of the [CPSOP]." [#88] at 7. The third agreement did, however, still contain a provision prohibiting contact with minors. [#88-5].

On November 15, 2012, Mr. Edmond sought to opt out of the sex offender treatment as it was not a condition of his parole but was advised that he should continue treatment so as not to inhibit his progress. On November 19, 2012, Mr. Edmond's parole officer Martin Leopard sent a modification request to add required participation in sex offender intake, evaluation, and treatment at the discretion of the CPSOP. [#88-6]. This modification was approved by defendant Anthony Young, the Chair of the Parole Board, on December 7, 2012. [#88-7]. Since then, Mr. Edmond has been admitted for sex offender treatment, this time at the Family Center in

Colorado Springs. According to the state's records, Mr. Edmond continued to struggle within the treatment program and with drug abuse. *See* [#88-3] at 17–22.

As of the last filing by the defendants, *see* [#88-9], Mr. Edmond's sentence discharge date was calculated to be in March 2014. However, it appears that Mr. Edmond is now again incarcerated in the CDOC and has been since August 1, 2013. *See* [#122] at 4; *see also* [#120]. According to Mr. Edmond, he is scheduled to be re-released on October 31, 2013. *Id.* The defendants have not contested these statements by Mr. Edmond, but the record before the Court does not indicate why Mr. Edmond has been reincarcerated or if he will be released on parole again with the same parole conditions that he contests in this action.

Procedural History.

In his second amended complaint [#9], Mr. Edmond alleges various violations of his constitutional rights as related to his parole conditions contained in his second June 29, 2010 parole agreement. Mr. Edmond seeks declaratory judgments that (1) the defendants were required to give Mr. Edmond a sex-offense-specific evaluation prior to imposing the sex offender conditions as part of his parole, and that (2) the defendants are required to conduct a Parental Risk Assessment ("PRA").[2]

On June 29, 2012, following a Recommendation by Magistrate Judge Mix [#54], this Court granted a motion to dismiss [#29] by defendants James Meyer and BTTI ("BTTI defendants") dismissing all claims against them, and it granted in part and denied in part a motion to dismiss [#34] by the remaining defendants, Tom Clements, Jeaneene Miller, Allison Sweeney-Hoover, and Becky R. Lucero ("CDOC defendants"). [#56]. Following the Court's

---

[2] Mr. Edmond also requested monetary relief in the form of an award of $89.50, which claim was dismissed by this Court in its June 29, 2012 order [#56].

order, plaintiff's only surviving claims are for declaratory and mandatory injunctive relief on the basis of an alleged failure to perform a sex-offense-specific evaluation and a PRA. [#56] at 13.

Pending Motions and Recommendations.

On November 1, 2012, Mr. Edmond filed a motion for a temporary restraining order and for a preliminary injunction, seeking an order lifting the requirement that he participate in sex-offender treatment and lifting the restriction barring contact with his minor daughter. [#69]. On June 27, 2013, Magistrate Judge Mix issued a recommendation that this Court deny Mr. Edmond's motion for a preliminary injunction. [#110]. Mr. Edmond timely objected on July 31, 2013. [#118].

Meanwhile, on February 22, 2013, the remaining defendants, Tom Clements, Tim Hand, Allison Sweeney-Hoover, and Anthony Young ("CDOC defendants"[3]), filed a motion for summary judgment on the grounds that Mr. Edmond has failed to establish any due process violations, and also that his state action in El Paso County bars this action under *res judicata*. [#88]. Mr. Edmond responded on June 18, 2013. [#109].

On July 17, 2013, Magistrate Judge Mix issued a *sua sponte* Order to Show Cause as to why she should not recommend that this matter be dismissed without prejudice for lack of subject matter jurisdiction. [#116]; *see State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings.") (citation omitted). In particular, Judge Mix raised the issue of mootness as to the remaining claims in the complaint, which all addressed alleged violations caused by Mr. Edmond's second parole agreement. *Id.* Mr. Edmond responded on July 31, 2013. [#117].

---

[3] Pursuant to Fed. R. Civ. P. 25(d), Tim Hand automatically substituted for Jeaneene Miller as the Director of Division of Adult Parole, Community Corrections, and Youth Offender System; Anthony Young substituted for Becky R. Lucero as the Chairman of the Colorado Board of Parole.

On August 1, 2013, Judge Mix made her Order to Show Cause absolute and recommended that this action be dismissed without prejudice as moot because Mr. Edmond was then on parole under a third parole agreement. [#119]. Consequently, in the same Recommendation, Judge Mix recommended that the motion for summary judgment [#88] also be mooted. Mr. Edmond timely objected on September 4, 2013. [#122].

**Standard of Review**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

The Court also takes into consideration Mr. Edmond's *pro se* status. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell*, 472 F.3d at 1243. However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. "[I]t is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**Conclusions**

Mr. Edmond objects to Magistrate Judge Mix's recommendation to dismiss this action on mootness grounds. [#122]. Mr. Edmond argues, with respect to this Court's subject matter jurisdiction, that the third parole agreement does not moot his claims "because his 5-year mandatory parole period . . . was never revoked for the remainder, so he was still serving his mandatory parole period even when his parole was revoked . . . on June 29, 2010, August 20, 2012, and June 4, 2013." [#122] at 3. Mr. Edmond additionally argues that "[e]specially since parole revocation proceedings are so brief and the time periods to appeal them are so short, they prevent parolees from exercising their 14th Amendment rights to appellate review and access to the courts." *Id.*

"Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e., where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.,* 43 F.3d 1345, 1348 (10th Cir. 1994). A claim is deemed moot unless a "proper judicial resolution" settles "some dispute which affects the behavior of the defendant toward the plaintiff." *Id*. (internal quotation marks and citation omitted). Therefore, a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Id.* at 1349 (internal quotation marks and citation omitted). Mere "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974).

Mr. Edmond's objections, construed liberally, point to the "capable-of-repetition exception" to the mootness doctrine. This singular and "narrow" exception "applies only where

the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *McAlpine v. Thompson*, 187 F.3d 1213, 1216–17 (10th Cir. 1999) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)) (alterations in original) (internal quotation marks omitted). "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Id*. at 1216 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

In *McAlpine*, the Tenth Circuit held that "when an inmate's claim for prospective injunctive relief regarding conditions of confinement becomes moot due to the inmate-plaintiff's release from confinement, the inmate's parole or supervised release status does not, absent some exceptional showing, bring that claim under the narrow 'capable of repetition, yet evading review' exception to the mootness doctrine." 187 F.3d at 1215. In so holding, the Tenth Circuit noted that "every circuit to consider the issue has decided that release to parole moots a claim regarding *prison* conditions and regulations, as opposed to *parole procedures* or conditions and regulations that affect *parole.*" *Id.* at 1218.

Particularly in parolee cases, courts do not presume that a parolee will violate his parole conditions, causing him to be placed back into the same prison of which he complained. "[F]or purposes of assessing the likelihood that state authorities will reinflict a given injury, we generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Id.* at 1217 (quoting *Honig v. Doe*, 484 U.S. 305, 320 (1988)). Courts are to assume that "[plaintiffs] will conduct

9

their activities within the law and so avoid prosecution and conviction." *Id.* at 1216 (quoting *O'Shea*, 414 U.S. at 497).

Here, however, the opposite direction of "status change" has occurred. Mr. Edmond is not challenging a prison condition while on parole; he is challenging parole conditions while reincarcerated. Arguably, without having to make a negative assumption about Mr. Edmond's actions, Mr. Edmond could be released again with identical parole conditions—which notably have been the same since his first parole agreement on October 27, 2009.

Nonetheless, the Tenth Circuit has previously upheld dismissal of a similar claim by a reincarcerated ex-parolee on mootness grounds. *See Banner v. State of Utah*, 92 F.3d 1196 (10th Cir. 1996) (declining "to address the merits of Mr. Banner's claim because his status as a parolee has been lawfully revoked, which renders moot any complaint he might have had with the conditions placed on his parole"). The Court thus follows the holding in *Banner* and the reasoning of Judge Mix—as well as that of the Colorado Court of Appeals in Mr. Edmond's state court case. To assume that Mr. Edmond will again be released on parole with the same conditions and with the same alleged failures is to address a hypothetical situation and not a live controversy.

Furthermore, Mr. Edmond has not shown that he currently suffers from any collateral consequence of the allegedly wrongful parole conditions. *See United States v. Vera-Flores*, 496 F.3d 1177, 1181–82 (10th Cir. 2007); *see also O'Shea*, 414 U.S. at 495–96. Mr. Edmond's repeated violations of his parole conditions were not related to the alleged lack of a sex-offense-specific evaluation or a PRA. The Court finds no evidence indicating—nor does Mr. Edmond claim—that the ensuing reincarcerations or parole revocations were due to the alleged due

process deficiencies or were otherwise unlawful. *See Banner*, 92 F.3d at 1196 (status as parolee was lawfully revoked).

In short, Mr. Edmond has not shown that his case is an "exceptional situation" befitting the narrow exception to the mootness doctrine. *McAlpine*, 187 F.3d at 1216. Accordingly, the Court finds that any declaratory or injunctive relief based on claims in the amended complaint are mooted by Mr. Edmond's subsequent third parole agreement and then by his recent reincarceration. This action is therefore dismissed without prejudice. *See Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that w here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

**Order**

1. The Recommendation of Magistrate Judge Mix to dismiss this matter without prejudice on the basis of mootness [#119] is APPROVED AND ACCEPTED.
2. Plaintiff's objections to the Recommendation [#122] are DENIED.
3. This civil action and plaintiff's remaining claims for injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE.
4. Plaintiff's Motion for Summary Judgment [#88] and Motion for Temporary Restraining Order and for Preliminary Injunction [#69] are consequently DENIED as MOOT. The Court will not review the Recommendation of Magistrate Judge Mix [#110] or plaintiff's objections [#118] to that recommendation, given that they too have been mooted by dismissal of the remaining claims.

DATED this 30th day of September, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge